**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4556

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AUGUSTO ESPINDOLA-PINEDA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00111-D-7)

Submitted:  February 8, 2022                        Decided:  March 22, 2022

Before WYNN and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Agusto Espindola-Pineda pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846.  Under the plea agreement, Espindola-Pineda agreed to waive his right to appeal his conviction and any sentence within the advisory Sentencing Guidelines range.  The district court sentenced Espindola-Pineda to 228 months' imprisonment, a term within the 188- to 235-month Guidelines range established at sentencing.  Espindola-Pineda timely appealed.

Counsel for Espindola-Pineda has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of the appeal waiver and the reasonableness of Espindola-Pineda's within-Guidelines sentence.  Although informed of his right to do so, Espindola-Pineda has not filed a pro se supplemental brief.  The Government moves to dismiss the appeal as barred by the appellate waiver included in Espindola-Pineda's plea agreement.  We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).  Our review of the record confirms that

Espindola-Pineda knowingly and voluntarily waived his right to appeal. We therefore conclude that the waiver is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Espindola-Pineda, in writing, of the right to petition the Supreme Court of the United States for further review. If Espindola-Pineda requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Espindola-Pineda. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*